UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

-vs-                                           Cases # 5:16cr3-001, 5:16cr26-001,
                                                       5:16cr30-001, and 5:16cr31-001

ABIGAIL LEE KEMP                               USM # 68950-019

                                               Defendant's Attorney:
                                               Michelle K. Daffin (AFPD)
                                               30 W. Government Street
                                               Panama City, Florida  32401

_____

**JUDGMENT IN A CRIMINAL CASE**

Case No.  5:16cr3-001

The defendant pleaded guilty on Counts 1, 2, 3, and 4, of the second superseding indictment on July 11, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951 | Conspiracy to Interfere with Commerce by Robbery | February 12, 2016 | 1 |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Use/Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting | February 12, 2016 | 2 |
| 18 U.S.C. §§ 1951 and 2 | Interfere with Commerce by Robbery and Aiding and Abetting | August 11, 2015 | 3 |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Use/Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting | August 11, 2015 | 4 |

Case No.  5:16cr26-001

The defendant pleaded guilty on Counts 1 and 3 of the indictment on December 28, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951 and 2 | Interfere with Commerce by Robbery and Aiding & Abetting | April 28, 2015 | 1 |
| 18 U.S.C. § 1951 and 2 | Interfere with Commerce by Robbery and Aiding & Abetting | August 5, 2015 | 3 |

Count 2 is dismissed on the motion of the United States.

Case No.  5:16cr30-001

The defendant pleaded guilty on Count of the indictment on December 28, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951 and 2 | Interfere with Commerce by Robbery and Aiding & Abetting | September 2, 2015 | 1 |

Count 2 is dismissed on the motion of the United States.

Case No.  5:16cr31-001

The defendant pleaded guilty on Count 1 of the information on December 28, 2016. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951 and 2 | Interfere with Commerce by Robbery and Aiding & Abetting | January 4, 2016 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
January 13, 2017


s/Robert L. Hinkle
United States District Judge
February 7, 2017

Cases No.  5:16cr3-001, 5:16cr26-001, 5:16cr30-001, and 5:16cr31-001

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:

**In No. 5:16cr3: 84 months on counts 1 and 3, to run concurrently, plus 12 months consecutive on count 2, plus 24 months consecutive on count 4, for a total of 120 months.**

**In each of No. 5:16cr26, 5:16cr30, and 5:16cr31, 120 months, to run concurrently with one another and with the sentence in No. 5:16cr3, so that the total combined sentence for all four cases is 120 months.**

The Court recommends to the Bureau of Prisons in order of priority:

1. **If the defendant is convicted and sentenced to custody on additional federal or state charge, the new sentence should be served concurrently with or consecutively to the sentence imposed by this judgment, as ordered or recommended by the new sentencing judge. This judge recommends that the Bureau of Prisons designate a state facility for service of this federal sentence, thus in effect making this federal sentence concurrent with any later state sentence, if the state sentencing judge so orders or recommends.**

2. **The defendant should participate in a residential drug-abuse program and in cognitive behavioral therapy.**

3. **The defendant should be designated to a facility as near as possible to the Northern District of Florida.**

The defendant is remanded to the custody of the United States Marshal.

## **RETURN**

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

_____
UNITED STATES MARSHAL


By:_____
    Deputy United States Marshal

## **SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years in all counts in Cases No. 5:16cr3-001, 5:16cr26-001, 5:16cr30-001, and 5:16cr31-001, all to run concurrently.**

### **MANDATORY CONDITIONS**

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
   You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
3. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## **STANDARD CONDITIONS OF SUPERVISION**

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.      You must answer truthfully the questions asked by your probation officer.
5.      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10  days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.      You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.     If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.     You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. PROBATION OFFICE USE ONLY**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature_____    Date _____

## **SPECIAL CONDITIONS OF SUPERVISED RELEASE**

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant must not own or possess a firearm, dangerous weapon, or destructive device.

2.  The defendant must submit to testing to determine whether she is using drugs or alcohol.

3.   The defendant must successfully participate in substance-abuse treatment consisting of an initial evaluation—by a probation officer or outside provider—and any further appropriate treatment.  The treatment may include cognitive behavioral therapy.

4.  The defendant must participate in a program of mental-health treatment.

5.  The defendant must provide the probation officer all requested financial information, business or personal.

6.  The defendant must make payments toward any unpaid restitution balance in the amount of at least $150.00 per month (or any adjusted amount set by further court order based on the defendant's ability to pay).  The payments must begin within 60 days after the defendant is released from custody.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant                                                                     Date

_____          _____
U.S. Probation Officer/Designated Witness              Date

# CRIMINAL MONETARY PENALTIES

## Case No. 5:16cr3-001

| ASESSEMENT | | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|---|
| $400.00 | | -0- | -0- | $1,499,690.97 |

## Case No. 5:16cr26-001

| ASESSEMENT | | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|---|
| $200.00 | | -0- | -0- | $1,499,690.97 |

## Case No. 5:16cr30-001

| ASESSEMENT | | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|---|
| $100.00 | | -0- | -0- | $1,499,690.97 |

## Case No. 5:16cr31-001

| ASESSEMENT | | | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|---|---|
| $100.00 | | | -0- | -0- | $1,499,690.97 |

The defendant must make restitution to the following payees in the amount listed below, care of The U.S. District Clerk, attn.: Financial Section, 111 N. Adams Street, Tallahassee, Florida, 32301.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Amount of Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Victim Employee "B.C." | | $1,581.00 | |
| Signet Jewelers | | $413,254.00 | |
| Allianz Global Corporate & Specialty | | $716,978.97 | |
| Reeds Jewelers | | $29,631.00 | |
| Mutual Jewelers Insurance Company | | $338,246.00 | |

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The restitution obligation is joint and several with the three codefendants: Lewis Jones III, Larry Bernard Gilmore, and Michael Bernard Gilmore.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

immediately


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The defendant shall forfeit the defendant's interest in the following property to the United States:

> **A. One Smith & Wesson Model SD40VE .40 caliber pistol, SN HEZ3919; and one magazine and 13 .40 caliber bullets;**
> **B. Two Smith & Wesson .40 caliber magazines and 27 rounds of .40 caliber ammunition;**
> **C. One Smith & Wesson model SD40VE .40 caliber pistol, SN: HEU7532, with magazine and black holster; and 13 rounds of .40 caliber ammunition, six rounds of Critical Duty .40 caliber ammunition, and 50 rounds of Blazer Brass .40 caliber ammunition;**
> **D. A Smith & Wesson model SW40VE .40 caliber pistol, SN: RAZ0854, with one magazine;**
> **E. A Heckler & Koch model VP40 .40 caliber pistol, SN: 222-009066, with two magazines;**
> **F. A Del-Ton, Inc. model DT Sport .223 caliber rifle, SN: DTI-S062692, with one magazine;**
> **G. A Mossberg model 500 12-gauge shotgun, SN: U199153;**
> **H. 14 rounds of .40 caliber ammunition (12 rounds are Hornaday Critical Duty Law Enforcement Only); 13 rounds of .40 caliber Hornaday Critical Duty Law Enforcement Only ammunition; 13 rounds of .40 caliber ammunition; 25 rounds of .40 caliber Hornaday Critical Duty Law Enforcement Only ammunition; 32 rounds of .223 caliber ammunition; and 9 shotgun shells;**

Cases No.   5:16cr3-001, 5:16cr26-001, 5:16cr30-001, and 5:16cr31-001

**I.** A Del-Ton, Inc. .223 caliber rifle, SN: DTI-S062691, with one magazine and 30 rifle rounds, 3 magazines and 71 .223 caliber rounds, 50 Remington .223 rifle rounds, 21 Winchester .40 caliber pistol rounds, and 1 .223 rifle round;

**J.** One Magnum Research, Inc. model Desert Eagle 9mm pistol, SN: 43370141, with magazine and 8 rounds of 9 millimeter ammunition;

**K.** $6,434.00 in United States currency; and

**L.** $544.00 in United States currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.